IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| Jeremy T. Durant, | )    Civil Action No.:2:14-cv-04560-MGL-MGB |
| | ) |
| Petitioner, | ) |
| | )    <u>**REPORT AND RECOMMENDATION**</u> |
| v. | )    <u>**OF MAGISTRATE JUDGE**</u> |
| | ) |
| Warden of Broad River Correctional | ) |
| Institution, | ) |
| | ) |
| Respondent. | ) |

The Petitioner, a state prisoner, seeks habeas relief pursuant to 28 U.S.C. § 2254. This matter is before the Court on the Respondent's Motion for Summary Judgment. (Dkt. No. 19; *see also* Dkt. No. 20.)

Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Local Rule 73.02(B)(2)(c), D.S.C., this magistrate judge is authorized to review the instant petition for relief and submit findings and recommendations to the District Court.

The Petitioner brought the instant habeas action on or about November 25, 2014. (*See* Dkt. No. 1.) On April 8, 2015, Respondent filed a Motion for Summary Judgment. (Dkt. No. 19; *see also* Dkt. No. 20.) By order filed April 8, 2015, pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), the Petitioner was advised of the summary judgment procedure and the possible consequences if he failed to adequately respond to the motion. (Dkt. No. 21.) Petitioner filed a Response in Opposition to the Motion for Summary Judgment. (*See* Dkt. No. 27-1.)

## PROCEDURAL HISTORY

The Petitioner is currently confined at Broad River Correctional Institution of the South Carolina Department of Corrections ("SCDC"). In October of 2009, the Florence County Grand Jury indicted Petitioner for murder. (*See* R. at 118-19.) Petitioner was represented by Grayson Smith, Esquire. (*See* R. at 1.) On July 27, 2011, Petitioner pled guilty as charged before the Honorable Michael G. Nettles; that same day, Judge Nettles sentenced Petitioner to 43 years. (R. at 1-42.)

1

Petitioner did not file a direct appeal. However, on February 1, 2012, he filed an application for post-conviction relief ("PCR"). (R. at 78-84.) The following questions and answers appeared in his PCR application (verbatim):

10. State concisely the grounds on which you base your allegation that you are being held in custody unlawfully:

(a) The lawyer did not question the witness properly.

(b) ineffective counsel.

(c) Attorney failed to consult with defendant on wish to testify

11. State concisely and in the same order the facts which support each of the grounds set out in (10):

(a) Witness did not see what was described.

(b) lawyer failed to question witness

(c) Attorney failed to inform proper plea deal w/court

(R. at 80.) On October 8, 2012, Petitioner, through his attorney Charles T. Brooks, III, amended his application for PCR. (*See* Dkt. No. 20-2.)

On October 16, 2012, an evidentiary hearing was held before Judge Thomas A. Russo. (R. at 90-112.) Petitioner was present and represented by Charles Brooks, Esquire. (*See* R. at 90.) In a written order dated October 29, 2012, Judge Russo denied the application for post-conviction relief and dismissed the petition. (R. at 113-17.)

Petitioner, through his attorney Susan B. Hackett of the South Carolina Commission on Indigent Defense, filed a *Johnson* Petition for Writ of Certiorari on April 23, 2013. (*See* Dkt. No. 20-4.)[1] Through counsel, Petitioner raised the following issue:

Plea counsel's failure to obtain an independent competency evaluation of Petitioner violated Petitioner's Sixth and Fourteenth Amendment right to the effective assistance of counsel where multiple court-ordered evaluations revealed Petitioner's long history of suffering from mental retardation and incompetence.

---

[1] *See Johnson v. State*, 294 S.C. 310, 364 S.E.2d 201 (1988).

(Dkt. No. 20-4 at 3 of 14.) Ms. Hackett also filed a petition to be relieved as counsel. (*Id*. at 13 of 14.) Petitioner filed a *pro se* response to the *Johnson* petition. (*See* Dkt. No. 20-6.)

In an order filed June 18, 2014, the South Carolina Court of Appeals denied the petition for writ of certiorari and granted counsel's request to withdraw. (Dkt. No. 20-7.) The matter was remitted to the lower court on July 7, 2014. (Dkt. No. 20-8.)

Petitioner then filed the instant habeas petition, wherein he raised the following grounds for review (verbatim):

> **GROUND ONE**: Ineffective assistance of counsel
> **Supporting facts**: Trial counsel failed to adequately investigate material facts and evidence to substantiate defense and/a mitigate the sentence and punishment trial counsel did not consult or advise me of my direct appeal rights, I would have chosen to appeal. Counsel failed to secure a prior favorable plea deal before it expired and failed to make me aware of the prior favorable plea of thirty years and I was sentenced to a harsher sentence of forty-five years. trial counsel failed to properly challenge the voluntariness of the letter and statement because I suffered mental deficiencies and coercion making them involuntary. Trial counsel failed to move for a pretrial suppression motions and in camera hearing to challenge the admission and chain of custody and illegal search and seizure of evidence in this case.
>
> **GROUND TWO**: Involuntary guilty pleas
> **Supporting facts**: Trial counsel misadvised me that the solicitor's office will not make any recommendation nor express an opinion to the sentencing range whatsoever, but the solicitor's office expressed it's opinion about the fairness of my sentence and punishment, had I known that they would do this I would not have pled guilty. the solicitor's office promise no recommendations or opinions on my sentence and punishment, but they expressed their opinion on the fairness of my sentence in violation of their promise. I was coerced to plead guilty when I was not in fact guilty of the critical elements of these crimes to support the conviction a plea.
>
> **GROUND THREE**: Due process violation
> **Supporting facts**: My due process was violated because I was discriminated against because of my mental health and learning disabilities in that I was not given adequate process to ensure my mental health and learning disabilities unduly coerced and impaired my voluntariness of guilty plea acceptance. I was coerced into pleading guilty when I was not given adequate process to compensate for my mental health and cognitive deficiencies prior to during and post the guilty plea proceedings. I was coerced into penning an apology letter and made to think such a letter would carry favor to the Judge what will ensure a sentence of probation.

3

**GROUND FOUR:** Conflict of interest.
**Supporting facts:** Conflict of interest is implicated when the solicitor's office misrepresented that they would adhere to the negotiated agreement yet breached the promise of the plea. My trial attorney sought to protect the interest of the victim's family as opposed and in conflict to the duty and interest owed to me.

(Dkt. No. 1 at 5-10 of 15; Dkt. No. 11.)

## APPLICABLE LAW

### Summary Judgment Standard

Pursuant to Rule 56 of the Federal Rules of Civil Procedure, summary judgment "shall" be granted "if the movant shows that there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). "Facts are 'material' when they might affect the outcome of the case, and a 'genuine issue' exists when the evidence would allow a reasonable jury to return a verdict for the nonmoving party." *The News & Observer Publ'g Co. v. Raleigh-Durham Airport Auth.*, 597 F.3d 570, 576 (4th Cir. 2010) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)).  In ruling on a motion for summary judgment, "'the nonmoving party's evidence is to be believed, and all justifiable inferences are to be drawn in that party's favor.'" *Id*. (quoting *Hunt v. Cromartie*, 526 U.S. 541, 552 (1999)); *see also Perini Corp. v. Perini Constr., Inc.*, 915 F.2d 121, 123-24 (4th Cir. 1990).

### Habeas Standard of Review

Since the Petitioner filed his petition after the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), review of his claims is governed by 28 U.S.C. § 2254(d), as amended. *Lindh v. Murphy*, 521 U.S. 320, 322-23 (1997); *Breard v. Pruett*, 134 F.3d 615, 618 (4th Cir.1998). Under the AEDPA, federal courts may not grant habeas corpus relief unless the underlying state adjudication:

> 1. resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

4

> 2. resulted in a decision that was based on an unreasonable
> determination of the facts in light of the evidence presented at the
> State court proceeding.

28 U.S.C. § 2254(d); *Williams v. Taylor*, 529 U.S. 362, 398 (2000). "[A] federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." *Williams*, 529 U.S. at 410. "A state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." *Harrington v. Richter*, 562 U.S. 86, 101 (2011) (quoting *Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004)).

## **DISCUSSION**

As noted above, Respondent seeks summary judgment in the instant case. (Dkt. No. 19; *see also* Dkt. No. 20.) For the reasons set forth herein, the undersigned recommends granting Respondent's motion.

## **A.    Ground One**

As noted above, Petitioner contends in Ground One that counsel was ineffective. Petitioner asserts that counsel was ineffective in that he (a) "failed to adequately investigate material facts and evidence to substantiate defense and/a mitigate the sentence"; (b) failed to consult or advise Petitioner on his direct appeal rights; (c) failed to "secure a prior favorable plea deal before it expired and failed to make me aware of the prior favorable plea of thirty years"; (d) failed "to properly challenge the voluntariness" of Petitioner's letter and statement; and (e) failed to move "for a pretrial suppression motions and in camera hearing to challenge the admission and chain of custody and illegal search and seizure of evidence in this case." (*See* Dkt. No. 1.)

Respondent contends that Ground One is procedurally defaulted. (*See* Dkt. No. 20 at 11.) "Federal habeas review of a state prisoner's claims that are procedurally defaulted under independent and adequate state procedural rules is barred unless the prisoner can show cause for the default and

5

demonstrate actual prejudice as a result of the alleged violation of federal law, or prove that failure to consider the claims will result in a fundamental miscarriage of justice." *Lawrence v. Branker*, 517 F.3d 700, 714 (4th Cir. 2008) (quoting *McCarver v. Lee*, 221 F.3d 583, 588 (4th Cir. 2000)). As the Fourth Circuit stated in *Longworth v. Ozmint*, 377 F.3d 437, 448 (4th Cir. 2004),

> [The] exhaustion requirement "reduces friction between the state and federal court systems by avoiding the unseem[liness] of a federal district court's overturning a state court conviction without the state courts having had an opportunity to correct the constitutional violation in the first instance." *O'Sullivan v. Boerckel*, 526 U.S. 838, 845, 119 S.Ct. 1728, 144 L.Ed.2d 1 (1999) (internal quotation marks and citation omitted). Thus, "state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process"-which includes "petitions for discretionary review when that review is part of the ordinary appellate review procedure in the State." *Id.* at 845, 847, 119 S.Ct. 1728. And this opportunity must be given by fairly presenting to the state court "both the operative facts and the controlling legal principles" associated with each claim. *Baker v. Corcoran*, 220 F.3d 276, 289 (4th Cir.2000) (citing *Matthews v. Evatt*, 105 F.3d 907, 911 (4th Cir.1997) (internal quotation marks omitted)). In other words, the ground must "be presented face-up and squarely." *Mallory v. Smith*, 27 F.3d 991, 995 (4th Cir.1994) (citation and internal quotation marks omitted).

*Longworth*, 377 F.3d at 448.

The undersigned agrees with Respondent that Ground One is procedurally defaulted. The PCR court addressed one allegation of ineffective assistance of counsel: that counsel was ineffective because counsel "should have had [Petitioner] mentally evaluated again to see if [Petitioner] was fit to enter a plea." (R. at 115.)[2] The court did not, however, address any of the claims that Petitioner attempts to raise in Ground One herein, and Petitioner did not file a motion pursuant to Rule 59(e). Petitioner asserts in his Response in Opposition that he "listed 'ineffective assistance of counsel' on his state court post-conviction relief application" and that he offered testimony at his PCR hearing

---

[2]The PCR court noted that Petitioner testified counsel was ineffective because Petitioner "was under the impression he would receive thirty years imprisonment, instead of forty-three years imprisonment." (R. at 115.) However, it does not appear to the undersigned that Judge Russo addressed this claim in his order. (*See* R. at 113-17.) While this statement is not entirely clear, Judge Russo's order does provide, *inter alia*, "Counsel averred did not indicate that Applicant would receive thirty years instead of forty three." (R. at 116.)

that counsel "was ineffective for allowing the thirty (30) year negotiated plea offer to lapse and expire, even though the Petitioner" informed his attorney "of his acceptance of the thirty (30) year negotiated plea offer." (Dkt. No. 27-1 at 3 of 11.) Of course, the fact that Petitioner raised an issue to the PCR court does not mean the issue was raised to *and ruled upon* by the PCR court. Because the PCR court did not rule on the claims set forth in Ground One–and Petitioner did not file a motion pursuant to Rule 59(e)–Ground One is procedurally barred. *See, e.g., Montgomery v. Bodison*, C.A. No. 6:09-778-HMH-WMC, 2010 WL 297667, at *4 (D.S.C. Jan. 20, 2010) (although petitioner raised some claims in his petition, they were procedurally barred because the PCR court did not rule on them, and petitioner did not file a Rule 59(e) motion); *Miller v. Padula*, C.A. No. 2:07-3149-PMD, 2008 WL 1826495, at *10 (D.S.C. Apr. 23, 2008) (concluding the petitioner's claim that counsel was ineffective for failing to challenge the lack of timely action on the arrest warrant was not properly exhausted because the claim was not raised during the PCR hearing, and "[a]n issue not ruled upon by the PCR judge is not preserved for review on appeal," and the petitioner's "attempt to raise the new issue in his post-trial motion was insufficient to preserve the issue for appeal").

Procedural default may be excused if the Petitioner "can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." *Coleman v. Thompson*, 501 U.S. 722, 750 (1991); *see also Martinez v. Ryan*, 132 S. Ct. 1309, 1315 (2012). In the alternative for showing cause and prejudice, a petitioner may attempt to demonstrate a miscarriage of justice, e.g., actual innocence, *Bousley v. United States*, 523 U.S. 614, 623 (1998); *see also Schlup v. Delo*, 513 U.S. 298, 327 (1995), or abandonment by counsel. *Maples v. Thomas*, 132 S. Ct. 912, 924 (2012) (inquiring "whether [the petitioner] ha[d] shown that his attorneys of record abandoned him, thereby

supplying the extraordinary circumstances beyond his control, necessary to lift the state procedural bar to his federal petition" (internal quotation marks and citations omitted)).

Pursuant to *Martinez*, "[i]nadequate assistance of counsel at initial-review collateral proceedings may establish cause for a prisoner's procedural default of a claim of ineffective assistance at trial." *Martinez*, 132 S. Ct. at 1315.[3] However, "[t]o overcome the default, a prisoner must also demonstrate that the underlying ineffective-assistance-of-trial-counsel claim is a substantial one, which is to say that the prisoner must demonstrate that the claim has some merit." *Martinez*, 132 S. Ct. at 1318 (citing *Miller-El v. Cockrell*, 537 U.S. 322 (2003)); *see also Trevino v. Thaler*, 133 S. Ct. 1911, 1918 (2013). If the ineffective assistance of trial counsel claim "does not have any merit or . . . is wholly without factual support," the procedural default precludes federal habeas review. *Martinez*, 132 S. Ct. at 1319.

Petitioner has not established cause to set aside the procedural default. To the extent Petitioner asserts counsel was ineffective in failing to "adequately investigate material facts and evidence to substantiate defense and/a mitigate the sentence," Petitioner has not shown this claim is a "substantial one." *See Martinez*, 132 S. Ct. at 1318. At his PCR hearing, Petitioner did not present any evidence concerning facts that counsel failed to investigate or evidence that should have presented in mitigation. Failure to do so precludes habeas relief. *See Beaver v. Thompson*, 93 F.3d 1186, 1195 (4th Cir. 1996) ("[A]n allegation of inadequate investigation does not warrant habeas relief absent a proffer of what favorable evidence or testimony would have been produced."); *see also*

---

[3]To establish that PCR counsel provided ineffective assistance of counsel, Petitioner must show that: (1) PCR counsel's performance "fell below an objective standard of reasonableness"; and (2) he was prejudiced by PCR counsel's deficient performance. *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984). There is "a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id.* at 689. To establish prejudice, Petitioner must demonstrate a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694; *see also Preyor v. Stephens*, 537 F. App'x 412, 421 (5th Cir. 2013) ("To establish ineffective assistance of his initial state habeas counsel, [Petitioner] must show both that habeas counsel's performance . . . was deficient and that he was prejudiced by the deficient performance—that is, there is a reasonable probability that he would have been granted state habeas relief had the claims been presented in the first state habeas application.").

*Bassette v. Thompson*, 915 F.2d 932, 940-41 (4th Cir. 1990) (concluding the petitioner's claim that other evidence should have been presented during the sentencing phase of his trial failed in "the absence of a proffer of testimony from a witness or witnesses he claims his attorney should have called," stating, "He claims that his counsel conducted an inadequate investigation to discover persons who would testify in his favor, but he does not advise us of what an adequate investigation would have revealed or what these witnesses might have said, if they had been called to testify.").

Similarly, Petitioner's claim that counsel was ineffective in failing to consult or advise Petitioner on his direct appeal rights is not a substantial one. "[C]ounsel has a constitutionally-imposed duty to consult with the defendant about an appeal when there is reason to think either (1) that a rational defendant would want to appeal (for example, because there are nonfrivolous grounds for appeal), or (2) that this particular defendant reasonably demonstrated to counsel that he was interested in appealing." *Roe v. Flores-Ortega*, 528 U.S. 470, 480 (2000). Here, the record indicates that Petitioner was aware of his right to an appeal. The plea judge asked Petitioner the following question: "You understand that you have ten days to appeal any decision I might render today?" (R. at 18.) Petitioner answered "Yes." (R. at 18.) In addition, Petitioner has not identified any issues he wished to raise on direct appeal. Because this ineffective assistance of counsel claim is not a "substantial" one, the procedural bar applies. *See Martinez*, 132 S. Ct. at 1318; *see also Frazer v. South Carolina*, 430 F.3d 696, 709-12 (4th Cir. 2005) (finding prejudice due to attorney's failure to consult where the petitioner identified non-frivolous issues that could have been appealed and by showing he adequately expressed an interest in pursing an appeal).

The undersigned further recommends concluding that Petitioner's claims that counsel was ineffective for failing to "properly challenge the voluntariness" of his letter and that counsel was ineffective in failing to move "for a pretrial suppression motions and in camera hearing to challenge the admission and chain of custody and illegal search and seizure of evidence in this case" are not

"substantial" claims of ineffective assistance of counsel. As the Supreme Court stated in *Tollett v. Henderson*, 411 U.S. 258 (1973),

> When a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense with which he is charged, he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea. He may only attack the voluntary and intelligent character of the guilty plea by showing that the advice he received from counsel was not within the standards set forth in *McMann*.

*Tollett*, 411 U.S. at 267 (citing *McMann v. Richardson*, 397 U.S. 759, 770 (1970)); *see also Menna v. New York*, 423 U.S. 61, 62 n.2 (1975) ("A guilty plea, therefore, simply renders irrelevant those constitutional violations not logically inconsistent with the valid establishment of factual guilt and which do not stand in the way of conviction if factual guilt is validly established.").

In any event, as to counsel's failure to "challenge the admission and chain of custody and illegal search and seizure of evidence in this case," Petitioner has not identified a deficiency in the chain of custody, nor has he indicated what search and seizure was illegal, or how. He has not shown that the ineffective assistance claim is a "substantial" one, and the procedural bar therefore applies. *See Hill v. Reed*, Civ. A. No. 2:06 0812 MBS, 2006 WL 3354509, at *7 (D.S.C. Nov. 17, 2006) (concluding petitioner was not entitled to relief under § 2254 where trial counsel stipulated to the chain of custody and stating, "The petitioner did not present any evidence at the PCR hearing that there was any defect in the chain of custody . . . . *See, e.g., Pryor v. Norris*, 103 F.3d 710, 713-14 (8th Cir. 1997) (defendant failed to establish prejudice from counsel's failure to object to chain of custody because she failed to show objection would have been sustained or that prosecution would not have established complete chain of custody if objection had been made)."); *see also Cowans v. Bagley*, 639 F.3d 241, 252 (6th Cir. 2011) (rejecting petitioner's claim that trial counsel should have challenged whether the evidence remained in the police's chain of custody because, *inter alia*, the claim "falters on the prejudice prong of *Strickland*" where the petitioner "has not provided any evidence . . . that raises a question about whether the palm print in fact ever left the State's custody").

Petitioner also asserts that counsel was ineffective in failing "to properly challenge the voluntariness" of Petitioner's letter and statement. This claim of ineffective assistance is not a "substantial" one. *See Martinez*, 132 S. Ct. at 1318. As noted above, because Petitioner pled guilty, he may not "raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea," but can only "attack the voluntary and intelligent character of the guilty plea by showing that the advice he received from counsel was not within the standards set forth in *McMann*." *Tollett*, 411 U.S. at 267 (citing *McMann v. Richardson*, 397 U.S. 759, 770 (1970)). Petitioner has not identified any such advice. It is also worth noting that, at the PCR hearing, Petitioner testified, *inter alia*, "[M]y other issue is sign this plea, if you don't sign this plea, you're going to trial and that day I said, nah, I ain't about to go to trial because they got me red-handed." (R. at 97.) Accordingly, Petitioner's claim that but for counsel's error, he "would not have pleaded guilty and would have insisted on going to trial," is not a substantial claim. *Hill v. Lockhart*, 474 U.S. 52, 58 (1985). ("[I]n order to satisfy the 'prejudice' requirement [set forth in *Strickland*], the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." (citing *Strickland v. Washington*, 466 U.S. 668 (1984)).

Finally, Petitioner's claim that counsel was ineffective in failing to "secure a prior favorable plea deal before it expired and failed to make me aware of the prior favorable plea of thirty years" is not a "substantial" ineffective assistance of counsel claim. *See Martinez*, 132 S. Ct. at 1318. The undersigned agrees with Respondent that "the record shows that Petitioner had a chance to accept that [prior favorable] plea deal and chose not to do so." (Dkt. No. 20 at 22.) At the plea hearing, the solicitor stated,

> Your Honor, when the case first came in pursuant to our differentiated case management, we're required at initial appearance to make a plea offer. We did initially make an offer of 30 year[s] on the murder. That was not accepted. . . . We withdrew that plea. Today Mr. Durant is pleading straight-up. The sentence is just

> going to be whatever you determine is appropriate, Your Honor. Mr. Smith and I, we've had no negotiations. The only thing is that the indictment for lynching second degree is being dismissed pursuant to this plea. Other than that, Mr. Durant, my understanding with Mr. Smith is he's just pleading to murder straight-up.

(R. at 10.) The plea judge asked plea counsel whether counsel had explained to Petitioner "the offense of murder, the fact that he could receive up to life imprisonment for this, the fact that there's a mandatory minimum of 30 years, the elements of the offense itself, potential defenses, and his constitutional rights?" (R. at 11.) Counsel stated that he had and that Petitioner understood all of those things. (*Id.*)

> Additionally, the following colloquy occurred during Petitioner's plea:

> MR. CLEMENTS: Your Honor, pursuant to the case management order, administrative order, where we're required to make a plea offer at the initial appearance we offered a plea to murder, 30 years. It was not accepted by docket appearance; and after discussing that with the family, we withdrew that plea offer. And the only thing here is that he is pleading guilty straight-up to murder. And also, Your Honor, indictment 2009-42 lynching second degree pending charge against Mr. Durant is being dismissed pursuant to this plea.

> THE COURT: Okay. Essentially you're saying that because the offer was made and it was not accepted. Because they didn't accept it[,] it was withdrawn and then after further discussion with the family you have made a decision not to offer anything and it's a straight-up plea. Is that your understanding?

> MR. CLEMENTS: That is correct, Your Honor.

> . . .

> THE COURT: Is that your understanding of the plea negotiation, Mr. Smith?

> MR. SMITH: Yes, Your Honor.

> THE COURT: Is that your understanding, Mr. Durant?

> THE DEFENDANT: Yes, sir.

(R. at 15-16.) Petitioner testified at his PCR hearing that he did not "jump on" the plea offer for thirty years because he "really . . . wanted something lower than that." (R. at 100.)[4] This record reveals that Petitioner was aware of the thirty-year plea deal but chose not to accept it; this ineffective assistance claim is not a "substantial" one, and the procedural bar therefore applies. In light of the foregoing, the undersigned recommends granting summary judgment to Respondent on Ground One.

## B.    Ground Two

In Ground Two, Petitioner asserts that counsel was ineffective, and his guilty plea was therefore involuntary, because trial counsel "misadvised" Petitioner "that the solicitor's office [would] not make any recommendation nor express an opinion [on] the sentencing range whatsoever, but the solicitor's office expressed it's [sic] opinion about the fairness of my sentence and punishment." Petitioner contends he would not have pled guilty if he "had . . . known that they would do this." (Dkt. No. 11 at 2 of 3.)

Respondent contends that Ground Two is procedurally barred, and the undersigned agrees. (*See* Dkt. No. 20 at 11.) Ground Two was not raised to or ruled upon by the PCR court; it is therefore barred unless Petitioner can demonstrate cause for the default and actual prejudice. To the extent Petitioner relies on *Martinez* to establish cause for the default, such an attempt fails. As noted above, "[t]o overcome the default, a prisoner must also demonstrate that the underlying ineffective-assistance-of-trial-counsel claim is a substantial one, which is to say that the prisoner must demonstrate that the claim has some merit." *Martinez*, 132 S. Ct. at 1318.

---

[4] Petitioner cites to *Missouri v. Frye*, 132 S. Ct. 1399 (2012), to support his contention that counsel was ineffective. (*See* Dkt. No. 27-1 at 5-6 of 11.) *Frye* is of little assistance to Petitioner. In *Frye*, the attorney failed to communicate the plea offer. *See Frye*, 132 S. Ct. at 1408 ("When defense counsel allowed the offer to expire without advising the defendant or allowing him to consider it, defense counsel did not render the effective assistance the Constitution requires."). In the case *sub judice*, however, the record clearly reveals that the plea offer was communicated to Petitioner but that he elected not to accept it, and the offer was subsequently withdrawn.

Because the undersigned concludes the instant ineffective assistance claim is not a "substantial" one, the procedural bar should be applied. At the plea and sentencing hearing, plea counsel stated, *inter alia*,

> Upon arrest it's my understanding that he was very cooperative, didn't try to shun responsibility. The only reason we're coming in front of the Court, Your Honor, is because of these issues of competency. I wanted to make sure this young man was competent to stand trial, and that he was, in fact, able to be criminally responsible and had capacity to conform. Otherwise, things would have been taken care of quite a long time ago. I think that when Mr. Solicitor made the offer of 30 years it was based on the facts of the case, and I think that's the correct assessment. I think balancing this young man's mental level and his mental retardation and the influence that these cohorts of his had on him and his youth, I think that's, you know, that weighs mercy and justice in this case and we would ask for the 30 year minimum. He will have to do every day of that. He understands that and he's still before the Court taking responsibility.
>
> This was not a plot, an elaborate plot to murder Mr. Bass. Mr. Durant had been drinking that day. And Mr. Bass walked up, and you know, it was kind of things happen quickly. And before he knew it this tragedy had occurred. I do not feel like this is a murder that calls for life sentence. I feel like this is a murder that a 30 year sentence is appropriate, and I think that's–that notion is bolstered by the fact that was Mr. Solicitor's gut on this, was a 30 year negotiated sentence, and we would ask for that.

(R. at 33-34.) In response, the solicitor stated,

> Your Honor, there is one thing I'd like to address that I don't want the Court to get the wrong impression from what Mr. Smith thinks why we made the offer what we did. That was not my–that was not my reaction today as to what it should be or I'd be making that plea offer today. When I made that plea offer at the initial appearance on the limited information I had at first this thing looked like a fight possibly until we got all the information and I was able to meet with Investigator McFadden after that and meet with the family. And that's why that plea offer. It wasn't accepted to begin with and it was not ever offered again. So I just didn't want Your Honor to think that's what I'm thinking today.

(R. at 37-38.)

Petitioner's claim of ineffective assistance of counsel, thereby leading to an involuntary guilty plea, is not a "substantial" claim. The solicitor did not make a recommendation to the court as to sentencing. However, in response to counsel's arguments that Petitioner should receive a thirty year

14

sentence, the solicitor explained why thirty years had been offered at first and why it had not been offered again. Any comment made by the solicitor with respect to sentencing was made in response to counsel's argument about why counsel thought the solicitor originally offered thirty years. In light of the foregoing, Petitioner's claim of ineffective assistance is not a "substantial" one, and the procedural bar should be applied. *Martinez*, 132 S. Ct. at 1318; *see also Mason v. Allen*, 605 F.3d 1114, 1121 (11th Cir. 2010) ("To the extent that Mason argues that the State failed to advise him of his *Miranda* rights, we find this claim refuted by the record. Accordingly, we cannot say that the state court's ruling on the legality of his confession is contrary to or an unreasonable application of clearly established federal law ."); *see also Wallace v. Sec'y, Fla. Dep't of Corr.*, Civ. A. No. 5:11-cv-325-Oc-29PRL, 2013 WL 5929338, at *6 (M.D. Fla. Nov. 4, 2013) (rejecting the petitioner's claim that the prosecution breached the terms of his plea agreement, stating, "[I]n addition to being refuted by the plea colloquy and the plea agreement, the transcript[] of the plea negotiations compels a conclusion that Brigham did not offer to investigate Petitioner's alibi in exchange for a guilty plea. Therefore, Petitioner's assertion that the postconviction denial of this claim was based upon an unreasonable determination of the facts is conclusively refuted by the record, and this claim is denied. 28 U.S.C. § 2254(d)."). Respondent is entitled to summary judgment as to Ground Two.

## C.    **Ground Three**

Petitioner asserts in Ground Three that his due process rights were violated because he "was discriminated against because of [his] mental health and learning disabilities" in that he was "coerced into pleading guilty when [he] was not given adequate process to compensate for [his] mental health and cognitive deficiencies prior to during and post the guilty plea proceedings." (Dkt. No. 11 at 2 of 3.) Petitioner further asserts that he was "coerced into penning an apology letter and made to think such a letter would carry favor to the Judge what will ensure a sentence of probation." (*Id.*)

Respondent contends that Ground Three is procedurally barred because it "would have been an appropriate claim for direct appeal had it been preserved at the guilty plea." (Dkt. No. 20 at 12 of 26.) Respondent asserts, however, that because it was not raised at the plea or on direct appeal, it is barred in the instant § 2254 petition, unless Petitioner can establish cause for the defaulted claim and prejudice resulting therefrom. (*Id.*)

To the extent Petitioner attempts to raise a "Due Process" violation in Ground Three, the undersigned agrees with Respondent that such a claim is defaulted because, *inter alia*, it was not raised on direct appeal. *See Drayton v. Evatt*, 312 S.C. 4, 9, 430 S.E.2d 517, 520 (1993) ("Issues that could have been raised at trial or on direct appeal cannot be asserted in an application for post-conviction relief absent a claim of ineffective assistance of counsel."); *Simmons v. State*, 264 S.C. 417, 420-23, 215 S.E.2d 883 (1975) (concluding the following two issues were direct appeal issues, and therefore not properly raised in the post-conviction relief proceeding: "Whether the Trial Judge's rebuke of trial counsel constituted prejudicial error?" and "Whether it was prejudicial error for the Trial Judge to permit comment by the solicitor on Appellant's failure to call his wife as a witness when she was unavailable?"); *see also McClurkin v. Stevenson*, Civ. A. No. 0:08-0106-TLW-PJG, 2009 WL 764964, at *9 (D.S.C. Mar. 20, 2009) (concluding the petitioner procedurally defaulted on claim that the trial court erred in failing to grant a mistrial where "the Court of Appeals found that [petitioner] did not satisfy the procedural requirements to preserve this issue for appeal").

To the extent Petitioner contends–as he did before the PCR court–that counsel was ineffective because counsel "should have had [Petitioner] mentally evaluated again to see if he was fit to enter a plea," Petitioner is not entitled to federal habeas relief. (*See* R. at 115.) In addressing this claim, the PCR court stated as follows:

> Counsel testified on August 12, 2010 Applicant was evaluated by the South Carolina Department of [D]isabilities and [S]pecial [N]eeds who issued a report that Applicant

16

> qualified as mentally retarded and was not competent to stand trial. On March 10, 2011, the Department of Mental Health indicated Applicant had the capacity to conform his conduct to the law and counsel determined his client was competent to enter a guilty plea. Counsel testified further that Applicant's mental comprehension was evidenced in an Affidavit prepared in preparation and in counsel's analysis, considering the medical reports he had to work with coupled with his own professional experience, Applicant was mentally competent to enter a guilty plea. Counsel testified that he has stopped a plea before, would do so again, and that if he had any reservations about Applicant he would not have hesitated to stop this plea. . . . I find counsel credible in this regard, and I do not find Applicant's testimony credible.

(R. at 116.)

The state court's adjudication of the claim that counsel was ineffective in failing to have Petitioner "mentally evaluated again" did not result in a decision that was contrary to, or an unreasonable application of, clearly established federal law, nor was it based on an unreasonable determination of the facts in light of the evidence presented at the state court proceeding. The state court found counsel credible, and such a factual finding on credibility is "presumed to be correct"; Petitioner has the "burden of rebutting the presumption . . . by clear and convincing evidence." 28 U.S.C. § 2254(e)(1); *Wilson v. Ozmint*, 352 F.3d 847, 858 (4th Cir. 2003);*cf. Wilson*, 352 F.3d at 860 ("These facts do not compel the credibility determination reached by the state court, but they certainly provide sufficient basis, for purposes of section 2254(d)(2), to support such a determination."). He has not done so.

Prior to accepting Petitioner's plea, Judge Nettles conducted a *Blair* hearing. (*See* R. at 3-6.) Judge Nettles had three reports before him at this hearing: (a) Dr. Ferlauto's July 8, 2010 report; (b) Gordon Brown's 2010 report; and (c) Dr. Musick's March 10, 2011 report. (*See* R. at 3-4; *see also* R. at 45-65.) According to Dr. Ferlauto's July 8, 2010 report, Dr. Ferlauto found "diagnosis of no mental illness, but [Dr. Ferlauto] thought there was a diagnosis of mental retardation." (R. at 3-4; *see also* R. at 53-58.) At that time, Dr. Ferlauto "offered no opinion on competency to stand trial and referred [Petitioner] to the South Carolina Department of Disabilities and Special Needs." (R. at 4;

*see also* R. at 53-58.) Dr. Brown, Office of Clinical Services with the South Carolina Department of Disabilities and Special Needs, submitted the December 2010 evaluation of Petitioner to the Florence County Clerk of Court; according to that evaluation, Petitioner was found mentally retarded but competent to stand trial. (R. at 4; *see also* R. at 60-65.) The March 10, 2011 report submitted by Dr. Musick indicated a "finding of criminal responsibility and capacity to conform." (R. at 3; *see also* R. at 45-52.)[5]

In addition to those three evaluations, the record contains the testimony of Petitioner's counsel, which the PCR court credited. When asked if there was any attempt to "get an independent evaluation done," counsel testified as follows:

> We did not do an independent evaluation. What mitigated against doing an independent evaluation was the progression or the progress that I felt Jeremy and I made in our relationship. Looking back, should I have gotten an independent evaluation? Maybe. I don't know, but again, over the course of our relationship, Jeremy became much more in tune, if you will.
>
> As a matter of fact, if I recall correctly, Judge Ralph King Anderson used to have somewhat of a burdensome affidavit of guilty plea and a certificate of counsel that we would have to fill out and I remember doing that because of some of the issues we had in this case. If I recall correctly, I think we made it the Court's exhibit that day. That to me showed that Jeremy knew what was going on. He knew.
>
> The change I saw in this young man over the course of my representation was significant. He went from just being completely out of touch to really understanding and was visibly–visibly affected by the consequences of his actions and because I saw his mental comprehension evidenced in this affidavit that we filled out and his emotional reaction to what happened, I felt like, you know, we were ready to proceed.

(R. at 105.)

Counsel had a report indicating that Petitioner was competent to stand trial, and counsel opined–from his own experience–that Petitioner understood "what was going on." (R. at 105.) The

---

[5]According to the transcript of the *Blair* hearing, one of the reports, dated August 25, 2010, indicated Petitioner was not competent but that competency was likely to be restored. (R. at 4.) Although the undersigned has located the August 25, 2010 letter of Dr. Brown in the record, the undersigned has not located an August 25, 2010 report. (*See* Dkt. No. 20-1 at 61 of 122.)

PCR court's rejection of this claim is not contrary to, or an unreasonable application of, clearly established federal law, nor did the adjudication result in a decision that was based on an unreasonable determination of the facts. *See Wilson v. Greene*, 155 F.3d 396, 403 (4th Cir. 1998) (concluding trial counsel was not "ineffective in declining to investigate [the petitioner's] mental health defenses or to develop them at trial" where counsel had report concluding the petitioner was not mentally ill at the time of the offense; the court stated, "To be reasonably effective, counsel was not required to second-guess the contents of this report."); *see also Washington v. Murray*, 952 F.2d 1472, 1481-82 (4th Cir. 1991) (upholding district court's determination that trial counsel was not constitutionally ineffective in failing to "obtain[] an independent opinion on [the petitioner's] mental capacity rather than relying on the opinion of the state psychologist" where, *inter alia*, the petitioner "fails to show that counsel should have suspected the accuracy of the psychologist's opinion"). Additionally, Petitioner did not present evidence at his PCR hearing that he was not competent to stand trial or plead guilty. He is therefore not entitled to federal habeas relief. *See Beaver v. Thompson*, 93 F.3d 1186, 1195 (4th Cir. 1996) ("[A]n allegation of inadequate investigation does not warrant habeas relief absent a proffer of what favorable evidence or testimony would have been produced."); *see also Bassette v. Thompson*, 915 F.2d 932, 940-41 (4th Cir. 1990). The undersigned recommends granting Respondent's Motion for Summary Judgment as to Ground Three.

**D.**    **Ground Four**

In Ground Four, Petitioner asserts he is entitled to federal habeas relief due to a conflict of interest. Specifically, Petitioner states,

> Conflict of interest is implicated when the solicitor's office misrepresented that they would adhere to the negotiated agreement yet breached the promise of the plea. My trial attorney sought to protect the interest of the victim's family as opposed and in conflict to the duty and interest owed to me.

(Dkt. No. 11 at 2 of 3.)

19

The undersigned recommends granting summary judgment to Respondent on Ground Four. Respondent contends the instant ground is procedurally barred. (Dkt. No. 20 at 11.) The undersigned agrees, as Petitioner did not raise this claim on a direct appeal or during his PCR proceeding. Furthermore, the claims related to the "negotiated" plea agreement and the solicitor's promise not to comment on sentencing range are without merit for the reasons discussed above. Finally, to the extent Petitioner claims his attorney had a conflict of interest in that the attorney "sought to protect the interests of the victim's family" as opposed to Petitioner's interests, Petitioner has presented no facts to support such a claim. Accordingly, the undersigned recommends granting Respondent's Motion for Summary Judgment as to Ground Four. *See Stephens v. Branker*, 570 F.3d 198, 213 (4th Cir. 2009) (no habeas corpus relief where "regardless of how ill-advised [the attorney's] concurrent representations may have been[, the petitioner] cannot establish that a conflict of interest adversely affected [the attorney's] representation"); *Rubin v. Gee*, 292 F.3d 396, 401 (4th Cir. 2002) ("Adverse effect cannot be presumed from the mere existence of a conflict of interest." (citation omitted)); *Williams v. French*, 146 F.3d 203, 212 (4th Cir. 1998) ("To establish an actual conflict of interest, the petitioner must show that his interests diverged with respect to a material factual or legal issue or to a course of action." (internal quotation marks and citation omitted)).

**CONCLUSION**

It is RECOMMENDED, for the foregoing reasons, that Respondent's Motion for Summary

Judgment (Dkt. No. 19) be GRANTED; and the Petitioner's habeas petition be DISMISSED WITH

PREJUDICE. It is further RECOMMENDED that a certificate of appealability be denied.[6]

IT IS SO RECOMMENDED.

_____
MARY GORDON BAKER
UNITED STATES MAGISTRATE JUDGE

February 1, 2016
Charleston, South Carolina

**The parties' attention is directed to the important notice on the next page.**

---

[6]Title 28, Section 2253 provides in relevant part,
(c)(1) Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken
to the court of appeals from–
(A) the final order in a habeas corpus proceeding in which the detention complained of arises out of
process issued by a State court; or
(B) the final order in a proceeding under section 2255.
28 U.S.C. § 2253. A prisoner satisfies this standard by demonstrating that reasonable jurists would find this court's
assessment of his constitutional claims debatable or wrong and that any dispositive procedural ruling by the district court
is likewise debatable. *See Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000);
*Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001). In the case *sub judice*, the legal standard for a certificate of appealability
has not been met. The undersigned therefore recommends that a certificate of appealability be denied.

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. **Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.** "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

**Robin L. Blume, Clerk**
**United States District Court**
**Post Office Box 835**
**Charleston, South Carolina 29402**

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).